IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL JESSE RIVERA,           :      Civil No. 1:25-CV-02302
                                :
            Petitioner,         :
                                :
      v.                        :
                                :
DAUPHIN COUNTY PRISON, *et al.*, :
                                :
            Respondents.        :      Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Darrell Jesse Rivera ("Petitioner"), an inmate currently housed at the Dauphin County Prison in Harrisburg, Pennsylvania.  (Doc. 1.)  Petitioner is currently serving time from a parole violation, and the instant petition is challenging his original underlying 2021 conviction and sentence.  (*Id*.)  Petitioner has also filed two motions to proceed *in forma pauperis*.  (Docs. 5, 7.)  The court will grant the motions to proceed *in forma pauperis* and screen the petition pursuant to Rule 4.  Because the instant petition is untimely, the court will dismiss the petition and close the case.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 9, 2021, after pleading guilty to a charge of possession of child pornography under 18 Pa.C.S.A. § 6312, Petitioner was sentenced to a term of imprisonment for a range of sixteen months to ten years.  *Commonwealth v.*

1

*Rivera*, No. CP-06-CR-0002635-2020 (Berks Cnty. Ct. Com. Pl.).  Petitioner did not appeal the conviction or sentence, nor did Petitioner seek relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  *Id*.

On April 3, 2024, Petitioner was released on state parole.  *Id*.  On September 20, 2024, Petitioner was arrested for failing to register as a sex offender under 18 Pa.C.S.A. § 491531.  *Commonwealth v. Rivera*, No. CP-22-CR-0004229-2024 (Dauphin Cnty. Ct. Com. Pl.).  He is currently being held at Dauphin County Prison pending disposition of the new criminal charges.  (Doc. 1.)

On December 2, 2025, the court received and docketed the instant petition in this action challenging the 2021 conviction.  (Doc. 1.)  Following an administrative order from the court requiring the payment of a filing fee or a motion to proceed *in forma pauperis*, Petitioner filed two motions for leave to proceed *in forma pauperis*.  (Doc. 5, 7.)  The court will grant these motions to proceed *in forma pauperis*.

The court entered an order notifying Petitioner of limitations in filing a Section 2254 petition under 28 U.S.C. § 2244(b)(3)(A) and granting Petitioner leave to withdraw his petition or proceed on the petition as filed.  (Doc. 4.)  Petitioner did not timely respond to the order.  Therefore, the court will rule on the current Section 2254 petition as filed.  (*Id*.)

2

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d).  Petitioner is currently in custody in Dauphin County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore, venue in this district is proper.

## STANDARD OF REVIEW

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2254 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings."  *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief in state court criminal prosecutions is appropriate due to

considerations of comity and federalism.  *See Engle v. Isaac*, 456 U.S. 107 (1982).

"The States possess primary authority for defining and enforcing the criminal law.

In criminal trials they also hold the initial responsibility for vindicating

constitutional rights.  Federal intrusions into state criminal trials frustrate both the

States' sovereign power and their good-faith attempts to honor constitutional law."

*Id.*  States also have a recognized interest in the finality of convictions that have

survived direct review within the state court system.  *See Brecht v. Abrahamson*,

507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed

by a person in state custody "only on the ground that he is in custody in violation

of the Constitution or laws of the United States."  28 U.S.C. § 2254(a).  If a claim

presented in a § 2254 petition has been adjudicated on the merits in state court

proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

4

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes a one-year limitations period for state prisoners seeking federal habeas

review:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

5

Under Pennsylvania law, a defendant who has been convicted and sentenced, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, Pa. R. Crim. P. 720(A)(2).  The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  *See* 42 Pa. C.S.A. § 9545(b)(3).

In the instant action, Petitioner did not file post-sentencing motions or an appeal of the conviction or sentence.  Consequently, direct review of Petitioner's conviction became "final" on or about July 9, 2021, *i.e,* thirty days following the date of sentencing.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).  Thus, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, i.e., on July 10, 2021, and Petitioner had one year or until July 10, 2022 to file his Section 2254 petition in this court.  Petitioner, however, did not file his petition in this court until

6

December 2, 2025, more than three years after the one-year statute of limitations expired.

However, the court's analysis does not end there. The court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  For the reasons discussed below, the court finds that Petitioner is not entitled to statutory tolling or equitable tolling and the petition is untimely.

### A. Statutory Tolling

With respect to statutory tolling, the court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  *See* 28 U.S.C. § 2244(d)(2).  Here, the record reflects that Petitioner never filed a PCRA petition.  Thus, the court turns to the question of whether the one-year limitations period set forth in Section 2244(d)(1) is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

### B.  Equitable Tolling

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'"  *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d

Cir. 2003)).  For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'"  *See id*. (quoting *Pace*, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum."  *See id*. (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).

Petitioner alleges that "[d]uring the time of my original sentencing of conviction I was very unknowledgeable about the law, justice system and of my rights."  (Doc. 1, p. 3.)[1]  This is not sufficient to establish equitable tolling under *Satterfeild*.  Petitioner makes no claim that he was misled, that he was prevented from asserting his rights, or that he asserted his rights in the incorrect forum.  Thus, the court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

## C. Actual Innocence

The court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

[the petitioner].'"  *See McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013)

(quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Thus, relief under this

exception is exceedingly rare, *see id*. at 386, and the standard for establishing

actual innocence is an exacting one, *see id*. at 401.  The standard demands "new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial."

*See Schlup*, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner has not met

this standard "'unless he persuades the district court that, in light of the new

evidence, no juror, acting reasonably, would have voted to find him guilty beyond

a reasonable doubt.'"  *See McQuiggin*, 569 U.S. at 386 (quoting *Schulp*, 513 U.S.

at 329).

"Because such evidence is obviously unavailable in the vast majority of

cases, claims of actual innocence are rarely successful."  *Schulp*, 513 U.S. at 324;

*Sistrunk v. Rozum*, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "*Schlup* sets a

supremely high bar").  Thus, "[p]roving actual innocence based on new evidence

requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3)

so probative of innocence that no reasonable juror would have convicted the

petitioner."  *See id*. at 191 (citations omitted).  All three of these factors are

necessary for a habeas corpus petitioner to be entitled to relief under the actual

innocence exception.  *See id*.  And if ultimately proven, this exception "serves as a

gateway through which a petitioner may pass" even though the statute of limitations has expired. *See McQuiggen*, 569 U.S. at 386.

Accordingly, in order for Petitioner to demonstrate that he is entitled to pass through this gateway exception, he is required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. Petitioner discusses discovery that was not presented to him prior to sentencing. (Doc. 1, p. 8.) However, Petitioner does not state what evidence the discovery page contained, and if it was included in discovery at the time of his underlying conviction, it would not be considered new evidence. "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *See Sweger v. Chensey*, 294 F.3d 506, 523 (3d Cir. 2002) (citation omitted); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that "[i]t is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency").

Thus, for all of these reasons, the court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. *See House v. Bell*, 547 U.S. 518, 538 (2006) (stating that "it bears

repeating that the *Schlup* standard is demanding and permits review only in the extraordinary case" (citations omitted)).

Therefore, the petition is untimely, statutory and equitable tolling is not applicable, and the petition will be dismissed.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

11

(2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

<div align="center">

**CONCLUSION**

</div>

For the above-stated reasons, the petition filed pursuant to Section 2254 will be dismissed as untimely and the case will be closed.

An appropriate order follows.

<div style="margin-left: 45%;">

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

</div>

Dated: May 21, 2026